UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CRIM. NO. 04-10311-JLT |
| | ) | |
| ALVENIA REEVES | ) | |

### DEFENDANT ALVENIA REEVES' SENTENCING MEMORANDUM

Now comes defendant ALVENIA REEVES, through counsel, and hereby submits this Memorandum in preparation for her sentencing.

**I.    Ms. Reeves' Position Regarding her Guideline Sentencing Range, Without Reference to Departures**

As set forth in the Presentence Report (PSR), the Probation Officer has calculated the Guideline Sentencing Range (GSR) to be 27 to 33 months. In arriving at this GSR, the Probation Officer contends that pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level (BOL) attributable to Ms. Reeves is 7. The base offense level is then adjusted by eight (8) points based on the fact that the loss was more than $70,000 but less than $120,000. Additionally, three (3) levels are added pursuant to § 3B1.1(b) on the grounds that Ms. Reeves was a manager or supervisor and the criminal activity involved five or more participants or was otherwise extensive. Further, two (2) levels are added for obstruction of justice. Finally, three (3) levels are deducted for acceptance of responsibility, thereby making the total offense level (TOL) 17.

Ms. Reeves renews her objections to the amount of loss attributed to her and to a three level increase being attributed to her as a manager or supervisor. Ms. Reeves objects to the Probation Officer's position that she is responsible for a loss of $95,992.00. Rather, it is Ms. Reeves' position that she should only be held accountable for the amount of loss attributable to the Counts to which she pled guilty. In other words, Ms. Reeves contends that she is responsible for $57,354 – which is the total of the "Actual Withdrawals" charged in counts 3, 5, and 6, as well as the "Attempted Withdrawal" charged in count 3. Additionally, Ms. Reeves contends that the $57,354 loss figure also takes into account the $12,000 check stolen from Standish Village (Ms. Reeves' former employer). Ms. Reeves admits that she occasionally drove runners to the bank, but she did so at her brother Alvin's direction. Ms. Reeves further contends that while it is true that she attempted to convince Barry Dent Smith to say that Dwayne Thomas was the guilty party, she did this out of personal animosity towards Mr. Thomas (her son's father and her former boyfriend). Given Ms. Reeves' position that the amount of loss attributable to her should be $57,354, it is also her position that only a 6-level increase should be attributed to the amount of loss (for an amount of loss greater than $30,000 but less than $70,000).

Ms. Reeves also renews her objection to a 3-level increase pursuant to § 3B1.1(b) because she was not a manager or supervisor of the criminal activity in this case. Rather, she was more like a "gopher" who took direction from her brother, Alvin. Additionally, as noted in ¶ 5 of the PSR, Alvin Reeves dealt <u>solely</u> with one of the Runners; therefore, as a practical matter, there were only 4 participants in this activity from Ms. Reeves' perspective. As noted in Attorney Pelletier's October 17, 2006 letter, Alvin Reeves admits that his sister did not lead or organize

the conspiracy, nor did she play a supervisory role.  Rather, Ms. Reeves acted merely as a "gopher" who performed limited tasks at her brother's request.

Ms. Reeves respectfully suggests, therefore, that her total offense level should be 12. With a TOL of 12 and a Criminal History Category of II, the guideline imprisonment range is 12 to 18 months.

One final matter that Ms. Reeves needs to address is her objection to the amount of restitution for which the Probation Officer contends she is responsible.  Ms. Reeves objects to the Probation officer's calculation that she is responsible for $52,300 (owed jointly and severally with co-defendant Alvin Reeves).  Rather, it is Ms. Reeves' position that she is responsible for $42,000.00 (based upon Ms. Reeves' position regarding the amount of loss for which she is responsible, set forth above).

**II.     Ms. Reeves' Sentence After Consideration of the Factors Set Forth in 18 U.S.C. § 3553(a)**

In recognition of the fact that the United States Sentencing Guidelines were rendered "advisory" by the Supreme Court's decision in <u>United States v. Booker</u> / <u>United States v. Fanfan</u>, 125 S.Ct. 738 (2005), defendant submits that a sentence lower than the Guideline Sentencing Range (GSR) is appropriate when considering the factors the Court is directed to consider in imposing a sentence pursuant to 18 U.S.C. § 3553(a).  Defendant therefore submits that a sentence of home confinement, for a period of time to be determined by the Court, is appropriate.

Section 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant when imposing a sentence. It is worthwhile to note that "when put side by side, the Guideline provisions and statutory provisions under section 3553(a) often contradict one another." United States v. Myers, 2005 U.S. Dist. LEXIS 1342 (S. D. Iowa Jan. 26, 2005) (citing United States v. Ranum, 2005 U.S. Dist. LEXIS 1338 (E.D. Wis. Jan 14. 2005)). For example, under the Guidelines, courts are generally prohibited from considering the defendant's age (§ 5H1.1), education and vocational skills (§ 5H1.2), socio-economic status (§ 5H1.10), or lack of guidance as a youth (§ 5H1.12). Section 3553(a)(1), however, requires a Court to consider these factors, as they compose the "history and characteristics" of a particular defendant and are necessary components to an individualized sentence. As explained more fully below, a sentence of home confinement is therefore appropriate and adequate.

Section 3553(a)(1) requires the Court to consider the history and characteristics of the defendant. Ms. Reeves is one of ten (10) children and has a close relationship with both her parents and her siblings. Additionally, Ms. Reeves has one son, Dwayne, and a grandson. Ms. Reeves' son is very important to her, and they have a close relationship.

Ms. Reeves was involved with her son's father, also Dwayne Thomas, for ten (10) years (¶ 68). During that time, Mr. Thomas was verbally, physically, and sexually abusive towards her. Ms. Reeves therefore raised her son alone, without any support of any kind from Mr. Thomas (¶ 68). Despite these personal hardships, Ms. Reeves attends church every Sunday and has a positive outlook for her future (¶ 70). She has used her time on pre-trial release to attend the Bryman Institute to obtain a dental assistant certificate (¶ 77). Ms. Reeves has been a hard

worker her entire life, working mostly as a Certified Nurse Aid at various nursing homes (or in a home health capacity). A sentence of home confinement is appropriate given the history and characteristics of the defendant in this case.

    The nature and circumstances of the offense also warrant a sentence of home confinement. Ms. Reeves acknowledges that the offense for which she is about to be sentenced is serious. Without making light of the seriousness of the offense, however, Ms. Reeves notes that her involvement in the offense was precipitated by the fact that the organizer of this criminal activity was her younger brother. Further, one of the participants (prosecuted in a related matter) was Ms. Reeves' former boyfriend, Dwayne Thomas. As noted in section I above, Ms. Reeves acted entirely at the direction of her brother, Alvin. The nature and circumstances of the offense warrant a sentence of home confinement.

    Section 3553(a)(2) requires the Court to consider the need for the sentence imposed to take into consideration four (4) specific factors. These four (4) factors are as follows: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. As addressed more fully below, a sentence of home confinement would adequately take these four factors into consideration.

    Section 3553(a)(2)(A) requires the Court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. It is Ms. Reeves' position that a sentence of home confinement does reflect the

seriousness of the offense and provides just punishment.  This is particularly true given the fact that Ms. Reeves became involved in the offense based on her relationship to co-defendant Alvin Reeves (her brother) and has fully accepted responsibility for her actions.

Section 3553(a)(2)(B) requires the Court to impose a sentence that affords adequate deterrence to criminal conduct.  A sentence of home confinement affords adequate deterrence to criminal conduct for Ms. Reeves.   This is particularly true given the fact that Ms. Reeves has worked hard during her period of pre-trial release to obtain a dental assistant certificate and has recently become a grandmother.  Ms. Reeves became embroiled in the instant case because of her brother's involvement, and the seriousness of the trouble she has found herself in has already had a deterrent effect on Ms. Reeves.

Section 3553(a)(2)(C) requires the Court to impose a sentence that protects the public from further crimes of the defendant.  A sentence of imprisonment is not necessary to protect the public from further crimes of the defendant.  Ms. Reeves has humbly learned her lesson during the time that this case has been pending, and is deeply regretful of the shame and worry this case has visited upon her family.  Given the fact that Ms. Reeves' involvement in this case stems from her brother, Alvin's, criminal activity, Ms. Reeves is not someone who is likely to re-offend.  The concern that the public needs to be protected from potential further crimes of the defendant is minimal in this situation.

Finally, § 3553(a)(2)(D) requires the Court to impose a sentence that provides the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.  In this case, Ms. Reeves is not in need of medical care, nor is she in need of educational or vocational training (given the fact that she attended the Bryman Institute

6

to obtain a dental assistant certificate during her term of pre-trial release).  Given all of the factors set forth above, a sentence of home confinement is adequate and appropriate.

Given the facts stated above, as well as the presence of a mandatory post-incarceration term of supervised release, defendant suggests that a sentence of home confinement, for a period of time to be determined by the Court, is appropriate.

.

                              Respectfully submitted,
**ALVENIA REEVES**,
By her attorneys,

 /s George F. Gormley
George F. Gormley (BBO# 204140)
Christie M. Charles (BBO# 646995)
*George F. Gormley, P.C.*
755 East Broadway, 3rd floor
South Boston, MA 02127
(617) 268-2999

**Dated:**  January 29, 2007

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 29, 2007.

/s George F. Gormley
_____
George F. Gormley